﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 190314-86169
DATE: September 29, 2020

REMAND

The issue of whether new and relevant evidence has been received to reopen the claim of entitlement to service connection for a back disability with a history of low back strain, left convex scoliosis, and hip and leg pain is remanded. 

The issue of whether new and relevant evidence has been received to reopen the claim of entitlement to service connection for a neck disability is remanded. 

The issue of whether new and relevant evidence has been received to reopen the claim of entitlement to service connection for right upper extremity peripheral neuropathy is remanded. 

The issue of whether new and relevant evidence has been received to reopen the claim of entitlement to service connection for left upper extremity peripheral neuropathy is remanded. 

The issue of whether new and relevant evidence has been received to reopen the claim of entitlement to service connection for right lower extremity peripheral neuropathy is remanded. 

The issue of whether new and relevant evidence has been received to reopen the claim of entitlement to service connection for left lower extremity peripheral neuropathy is remanded. 

The issue of whether new and relevant evidence has been received to reopen the claim of entitlement to service connection for a right hip disability is remanded. 

The issue of whether new and relevant evidence has been received to reopen the claim of entitlement to service connection for a left hip disability is remanded. 

The issue of whether new and relevant evidence has been received to reopen the claim of entitlement to service connection for hypertension is remanded. 

The issue of whether new and relevant evidence has been received to reopen the claim of entitlement to service connection for a sleep disability is remanded. 

The issue of entitlement to a total rating for compensation purposes based on individual unemployability due to service connected disabilities (TDIU). 

REASONS FOR REMAND

The Veteran had certified honorable active service from March 1966 to November 1969 and a period of other than honorable service from February 10, 1991, to December 3, 1991. He served in the Republic of Vietnam. The Veteran had additional duty with the North Carolina Army National Guard and the Army Reserve. 

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding the Veteran’s claims for further development, this additional evidence will be considered by the Agency of Original Jurisdiction in the adjudication of those claims. 

1. The issues of whether new and relevant evidence has been received to reopen the claims of entitlement to service connection for a back disability with a history of low back strain, left convex scoliosis, and hip and leg pain; a neck disability; right upper extremity peripheral neuropathy; left upper extremity peripheral neuropathy; right lower extremity peripheral neuropathy; left lower extremity peripheral neuropathy; a right hip disability; a left hip disability; hypertension; and a sleep disability are remanded. 

A September 2007 Army certificate states that the Veteran had served faithfully and honorably and was retired from the Army on September 20, 2007. The Veteran’s periods of active service with the Army after December 1991 have not been verified. That is a pre-decisional error. 

2. The issue of entitlement to a TDIU is remanded. 

The issue of entitlement to a TDIU is inextricably intertwined with the issues being remanded and must also be remanded. 

The matters are REMANDED for the following action:

Contact the National Personnel Record Center and/or the appropriate service entity and request that: it verify the Veteran’s complete periods of active service with the Army and forward all available service treatment records. 

 

 

J. T. HUTCHESON

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. A. Macek, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.